# 7893

Elizabeth Johnson-

-vs-

National Surety Co.

No. 7 8 9 3 .

Court of Appeal

Parish of Orleans.

------------------

------------------

By Dinkelspiel. J.

------

<u>By Dinkelspiel. J.</u>

This suit is based upon a claim by Elizabeth Johnson, plaintiff, amounting to $750.00, with 5% interest from November, 1st. 1918, plus $19.00. costs of a prior suit by plaintiff against the New Orleans Railway & Light Co. which amounts are alleged to be due plaintiff by the National Surety Co., defendant, for the reason, that said indemnity company was the surety for the New Orleans Railway & Light Co. **fxx** against damage which he or they had and were to indemnify any person who might sustain to his or her person as the result of fault of the principal in operating car No. 78, in the event of the failure of the Railways Company paying said judgment.

The petitioner sets out that in **xx** suit brought by her against the New Orleans Railway & Light Co., she alleged having been injured by car No. 78, the property of that company, further alleges that after a legal trial or the issues presented in that suit against said Railway Co. there had been rendered in her favor a judgment in the amount above setforth, which judgment she was unable to realize upon against the said Railway Co., because of it being in the hands of a Receiver, and hence she claims that said judgment should be paid by the National Surety Co. as the surety of the New Orleans Railway and Light Co.

Defendants in their answer admit that judgment had been obtained by plaintiff against the Railway Co., in the amount vlaimed by her, but in their answer aver and set up a special plea as to why they are not liable to plaintiff herein under their bond, but the defence in this Court as to why they are not liable to plaintiff as surety of the Railway Co., is predicated solely on the ground that having not been parties to the original suit between plain-

566

-tiff and the Railway Co. and no judgment obtained by this
plaintiff in that suit can have any binding effect upon
this defendant, nor can it be used in this suit as a basis
upon which judgment could be obtained them by plaintiff
herein.

The only evidence which was offered on the trial in
the District Court was the petition, citation, answer
and judgment against the New Orleans Railway & Light
Co. in plaintiff's suit against that company, and the
bond of the National Surety Co. herein sued upon to-
gether with the admission that the New Orleans Railway
& Light Co. is in the hands of a Receiver.

This evidence was held sufficient by the Judge of
the lower Court over defendants' objection to it's ad-
missibility, to enable plaintiff to make out her case,
and upon that evidence judgment was rendered in favor
of plaintiff and against the National Surety Co, for
the full amount claimed by plaintiff, against which judg
-ment the Surety Co. has prosecuted this appeal to
this Court wherein it asks for a reversal of the judg-
ment of the District Court.

Counsel for defendant, both in oral argument and in
his original and supplemental brief, has referred us to
several authorities some of which bear out his conten-
tion, that in a suit against a surety, where the sole
evidence is the record of a case to which the surety
was not a party, that evidence will not be sufficient to
prove the amount of damages against the surety.

There are, however, another line of authorities
which modify this docterine, and which are to the effect,
that a judgment against a principal to which the surety
was not a party is prima facia proof of the amount for
which the surety is responsible, and whilst not conclusive
against him is sufficient until rebutted and thus rebut-
-ted no other proof is required.  Whitehead-vs-Woolfork,

567

3 Ann. 42- Herrick -vs- Conant- 4 Ann. 276. Ferguson vs. Glaze, 12 Ann. 667, Mc. Closkey, Bigley & Co. vs- Winfield & Bridges. 32 Ann. 38.

As a matter of fact, in the last case cited by us the Court at page 43 held; " The sureties obligation is to satisfy the judgment against his principal, if that judgment is good against the principal the surety cannot dispute it's validity".

But besides the record in the original suit between plaintiff herein and the Railway Co., the bond signed by the Surety Co., is also part of the record in this case, and a careful examination of that bond convinces us that it was the clear intention of the National Surety Co to indemnify any person up to the sum of $5.000.00. damages by him or her in person, or property, as the result of the fault of the principal, or its agents, in operating of car No. 78. in the event the principal, the New Orleans Railway & Light Co., fails to make such indemnity itself, and that proof having been made by the plaintiff in her suit against the Railway Co., it is, in our opinion, immaterial whether or not the surety company was made a party thereto, and therefore we concur in the judgment of the District Judge, and are of the opinion that same should be maintained.

For the reasons herein above assigned, it is ordered, adjudged and decreed, that the judgment appealed from be affirmed. Defendant and Appellant to pay costs of both Courts.

-Judgment Affirmed-